**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

June 6, 2025

**LETTER ORDER**

Re: David L. v. Frank Bisignano, Commissioner, Social Security Administration[1]
    Civil Case No. SAG-24-0577

Dear Plaintiff and Counsel:

On February 23, 2024, Plaintiff David L. ("Plaintiff"), proceeding *pro se*, commenced this action against the Commissioner of Social Security ("SSA" or "Commissioner") and several other Defendants. ECF No. 1. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the SSA's final decision to deny Plaintiff's claim for Social Security benefits. *See* ECF Nos. 1, 5. I have considered the record in this case (ECF No. 12), Plaintiff's Correspondence (ECF No. 17), and the Commissioner's brief (ECF No. 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons set forth below, the Court will AFFIRM the Commissioner's decision.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 24, 2019, alleging a disability onset of November 21, 2019. Tr. 13, 125-28. Plaintiff's claims were denied initially and on reconsideration. Tr. 61-64, 68-72. On May 11, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 22-34. Following the hearing, on August 22, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 10-17. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the

---

[1] Plaintiff filed this case against (1) "Commissioner of Social Security"; (2) "US Attorney General"; (3) "US Attorney District Court of Md."; and (4) "Commissioner Social Security Admin." on February 23, 2024. ECF No. 1, at 1-4. It is well-established that only the Commissioner is a proper defendant in an action under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 422.210(d) (stating that in all civil actions arising out of the denial of disability benefits, "the person holding the Office of the Commissioner [of Social Security] shall, in his official capacity, be the proper defendant."). Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

David L. v. Bisignano
Civil No. SAG-24-0577
June 6, 2025
Page | 2

SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, the ALJ determined that Plaintiff "last met the insured status requirements of the Social Security Act on September 30, 1998." Tr. 15. The ALJ noted that plaintiff "has an alleged onset date of November 21, 2019." Tr. 15. At step two, the ALJ found that "[t]here were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment by the date last insured." Tr. 15. Therefore, the ALJ concluded that Plaintiff was not disabled "at any time through September 30, 1998, his date last insured." Tr. 17.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Because Plaintiff proceeds *pro se*, the Court must "liberally construe" his correspondence to "confirm [that] the [SSA] fulfilled [its] obligation to 'scrupulously and conscientiously probe into, inquire of, and explore . . . all the relevant facts' in the record of the unrepresented party." *Dawson v. Astrue*, No. RMG-11-1759, 2013 WL 239130, at *1 (D.S.C. Jan. 22, 2013) (quoting *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980)).

IV. **ANALYSIS**

On appeal, Plaintiff argues that the SSA "erred in adjudicating [Plaintiff's] claim because . . . the SSA proceeded with the [DIB] application despite knowing [he] lacked sufficient work credits[.]" ECF No. 17, at 1. Specifically, Plaintiff avers that the SSA incorrectly filed his application for DIB under Title II, and that the SSA should have filed an application for Supplemental Security Income ("SSI") under Title XVI. *Id.*, at 1-2. Defendant counters that (1) substantial evidence supports the ALJ's decision because there was insufficient evidence to support the existence of a medically determinable impairment prior to Plaintiff's date last insured ("DLI"), and (2) "Plaintiff submitted an application solely for DIB. Consequently, a distinct and separate application must be filed by the Plaintiff in order to be evaluated for SSI." ECF No. 19, at 6-11.

As an initial matter, Plaintiff does not challenge the ALJ's denial of his DIB application as incorrect, instead asserting that the SSA should have filed an SSI application. *See* ECF Nos. 1, 5, 17. Nonetheless, the Court will address whether substantial evidence supports the ALJ's decision. "To establish eligibility for Social Security disability benefits under Title II, a claimant must show that he became disabled before" his DLI. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012); 20 C.F.R. § 404.131(a). "At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement." *Sharon W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2707, 2019 WL 2234499, at *1 (D. Md. May 23, 2019) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment is "severe" if it "significantly limit[s the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); 20 C.F.R. § 404.1520(c); *see also Sharon W.*, 2019 WL 2234499, at *1 (stating that if the claimant has not met the claimant's burden of establishing the existence of a severe impairment, the ALJ will find that the claimant is not disabled). An impairment is "not severe" when "medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." *Enoch v. Astrue*, No. TMD 10-0784, 2011 WL 2712553, at *2 (D. Md. July 11, 2011) (citing 20 C.F.R. § 416.921; SSR 85-28, 96-3p, 96-4p). If, however, an ALJ finds any impairment to be severe, "the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work." *Sharon W.*, 2019 WL 2234499, at *1 (citing 20 C.F.R. § 404.1520). Moreover, step two is a "de minimis screening device used to dispose of groundless claims." *See Taylor v. Astrue*, No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (per curiam) (stating that step two "is a threshold question with a de minimis severity requirement.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or

David L. v. Bisignano
Civil No. SAG-24-0577
June 6, 2025
Page | 4

substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined in this decision, I find that the ALJ's evaluation of Plaintiff's case is supported by substantial evidence.

Here, at step two, the ALJ found that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured." Tr. 16. The ALJ observed that Plaintiff's alleged onset date was "over 20 years after he was last entitled to a period of disability and disability insurance benefits[,]" noting that Plaintiff's DLI is September 30, 1998. Tr. 16. The ALJ found that "the record does not establish a finding of statutory blindness, as [Plaintiff] maintains good vision in his right eye, with exams noting either 20/20 or 20/30 in the right eye." Tr. 16.

The ALJ noted that Plaintiff "testified that he filed for disability because of a 2019 traumatic brain injury" and "confirmed that he was not experiencing any symptoms back in the 1990s." Tr. 16; *see Bird*, 699 F.3d at 340-41 (holding that evidence developed after a claimant's termination of insured status may be relevant to prove disability arising before the DLI if it relates back to the period when the claimant was insured and provides evidence of her impairments at that time). The ALJ found that the "record also lacks documentation of physical or mental symptoms by the 1998 date last insured." Tr. 16. Additionally, Plaintiff did not cite to or provide any evidence that establishes an impairment during the time period in question.[3] *See generally*, ECF No. 17; *see also cf.*, *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005) (remanding when the ALJ failed to evaluate objective evidence that existed before the DLI and determined that the claimant did not have a medically severe impairment at step two).

The ALJ considered the prior administrative findings of State agency consultants who both "found insufficient evidence by the [DLI] to establish a medically determinable impairment, nonetheless, [the consultants] offered vision restrictions." Tr. 16. The ALJ found the prior administrative findings unpersuasive. Tr. 16. The ALJ observed that the consultants' findings are unsupported by the consultants' "own admission that there was no evidence of medical impairment by the [DLI]"; "the record fails to establish any vision-involving diagnosis by the [DLI]"; and "the record is inconsistent with the finding of a medically determinable impairment by the [DLI]." Tr. 16.

Moreover, the ALJ found a 2020 hazard restriction unpersuasive, determining that the limitation "is supported by evidence of mild neurocognitive disorder secondary to brain injury" that "did not occur until late 2019, over 20 years after the 1998 [DLI]." Tr. 16. The ALJ concluded that "the evidence is inconsistent with need for a hazard limit by the [DLI]" because the record "lacks evidence of symptoms or diagnoses prior to late 2019" and Plaintiff "concedes that his brain

---

[3] The Court cannot be expected to parse a voluminous record to determine the actual evidence that may support (or undermine) the ALJ's conclusions. *See, e.g.*, *U.S. ex rel. Davis v. Prince*, No. 1:08-cv-1244, 2011 WL 2749188, at *3 (E.D. Va. July 13, 2011) ("It is not the Court's responsibility to undertake the herculean task of reviewing a voluminous record to find evidence to support each party's position.").

David L. v. Bisignano
Civil No. SAG-24-0577
June 6, 2025
Page | 5

injury did not occur until 2019 and that he was not experiencing symptoms in the 1990s." Tr. 16.

As such, because there is lack of sufficient evidence, and because Plaintiff did not properly meet his burden as required, the de minimis threshold has not been met. *See Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005) (stating that a claimant is required to establish that he became disabled prior to his DLI); *Lori D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-2471, 2024 WL 1374955, at *4 (D. Md. Apr. 1, 2024) (same). Thus, the ALJ properly halted at step two, having found no medically determinable impairment prior to Plaintiff's DLI.

As to Plaintiff's assertion that the SSA should have filed his claim under SSI, instead of DIB, this Court only has jurisdiction over a final decision by the SSA pursuant to 42 U.S.C. § 405(g). *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (holding that § 405(g) is the only avenue for judicial review and that exhaustion of remedies is a prerequisite to jurisdiction). A requirement for SSI is that a claimant must "file an application for SSI benefits." 20 C.F.R. § 416.202(g); *see also* § 416.920(a)(2). The difference between DIB and SSI is that DIB is payable only if the claimant becomes disabled while in "insured status." *See Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *see also* 20 C.F.R. § 404.130 (setting forth methods of determining insured status). SSI is payable regardless of the claimant's insured status so long as a means test is satisfied. *See Splude v. Apfel*, 165 F.3d 85, 89 (1st Cir. 1999). A determination of disability benefits under SSI, unlike DIB, does not depend upon a showing that the disability arose during the insured period, but is instead based in part on a showing that the claimant was disabled and met the financial requirements for SSI. *See* 20 C.F.R. § 416.202. Accordingly, there is no "last date insured" for consideration under SSI. *Whitsett v. Colvin*, No. SKO-10-1070, 2014 WL 806937, at *5 (E.D. Cal. Feb. 28, 2014).

Here, in reviewing the record, Plaintiff only filed for DIB. Tr. 13, 125-28. Thus, Plaintiff must file a separate application to be considered for SSI. *See Whitsett*, 2014 WL 806937, at *4-5 (finding that the plaintiff's application for DIB is not also considered an application for SSI and the ALJ did not err when evaluating the claim only under DIB); *see also* ECF No. 19, at 10 ("[A] distinct and separate application must be filed by the Plaintiff in order to be evaluated for SSI.").

V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge